**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WILBERT L. JOHNSON**                                                    **PETITIONER**
**ADC #084494**

**VS.**                          **CASE NO.: 5:10CV00375 BSM/BD**

**RAY HOBBS, Director,**                                          **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

**I**.        **Procedure for Filing Objections:**

      The following Recommended Disposition has been sent to United States District

Judge Brian S. Miller.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of this Recommended Disposition.  A copy will be furnished to

the opposing party.   Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

      Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

II.     **Introduction**:

Petitioner Wilbert L. Johnson, an inmate in the Arkansas Department of Correction, brings this petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254, challenging his state sentence.  Ray Hobbs has responded (#11) to the petition, and Mr. Johnson  has replied to the response.  (#16, #19)  For reasons that follow, the Court recommends that the District Court DISMISS the petition with prejudice.

III.    **Background**:

On April 22, 2008, Mr. Johnson pleaded guilty to theft by receiving and fleeing. (#11-2, #11-3, #11-4)  At the plea hearing, the State *nol prossed* charges of aggravated assault and driving while intoxicated, but amended the theft-by-receiving charge from a Class C to a Class B felony.  (#11-4 at p. 4-5, #11-16 at p. 3)

The Pulaski County Circuit Court ("trial court") filed a Judgment and Commitment Order on April 29, 2008.  (#11-3)  The trial court sentenced Mr. Johnson to 20 years imprisonment in the Arkansas Department of Correction for theft by receiving, five years for fleeing, and ordered the two sentences to run consecutively, for a total sentence of 25 years.  The trial court also ordered the 25-year sentence to run concurrent with a 15-year sentence Mr. Johnson was already serving.  (#11-3 at p. 3)

On April 28, 2008, Mr. Johnson filed a "Motion to Withdraw Plea" with the trial court under "Rule 37," claiming his plea was coerced and was not voluntary.  He also

claimed ineffective assistance of counsel, asserting his rights under Rule 37 of the Arkansas Rules of Criminal Procedure.  (#11-5)

On May 23, 2008, Mr. Johnson filed an unverified Rule 37 Petition, alleging ineffective assistance of counsel and again claiming his plea was coerced and was not voluntary.  (#11-6)  On July 22, 2008, he filed a "Motion to File an Amended and Extended Rule 37 Petition" (#11-6 at pp. 7-8), and the next day he filed an Amended Rule 37 Petition that was verified.  (#11-7)

Mr. Johnson filed a Petition for Writ of Mandamus with the Arkansas Supreme Court on July 28, 2008, requesting that it order the trial court to rule on his motion to withdraw his plea.  (#11-7)  Before the Arkansas Supreme Court could rule on the petition for writ, the trial court denied Mr. Johnson's motion to withdraw his plea.  (#11-8)  In an order filed on August 12, 2008, the trial court found Mr. Johnson had timely filed the petition, but it dismissed the petition because it was filed under Arkansas Rule of Criminal Procedure 37 and was not verified as required by Rule 37.1(d).  (#11-8)

On September 16, 2008, the trial court entered an order denying Mr. Johnson's Rule 37 Petition and Amended Rule 37 Petition.  (#11-9)  The court found that Mr. Johnson had completed a plea statement and stated at the plea hearing that he was making a knowing and voluntary decision.  (#11-9)  The court concluded that Mr. Johnson's conclusory allegations that his counsel had forced him to enter a plea and had failed to account for his mental health history did not establish ineffective assistance of counsel.

Mr. Johnson filed a timely appeal of the trial court's ruling dismissing his Rule 37 petition with the Arkansas Supreme Court.  With several motions pending, the Court issued a *per curiam* opinion on March 12, 2009, dismissing the appeal.  (#11-10) *Johnson v. State*, 2009 Ark. 144, 2009 WL 633836, *1 (2009).  The Arkansas Supreme Court only addressed Mr. Johnson's two claims of ineffective assistance of counsel, finding that these were the only issues upon which the trial court had ruled.  *Id*.

Mr. Johnson first claimed his counsel coerced him into accepting the plea by telling him he would be "railroaded" if he went to trial.  *Id*. at *2.  The Arkansas Supreme Court held these facts were insufficient to establish ineffective assistance of counsel.  *Id*. The Court stated that Mr. Johnson's attorney was advising him of a potentially unfavorable outcome at trial, which was not coercion.  *Id*. at 2.

Mr. Johnson's second claim was that his counsel should have raised issues concerning his competency.  The Arkansas Supreme Court held that Mr. Johnson's unsupported references to his "psychiatric history," "psychotrophic medication" and sedation, were insufficient to support a finding that he would have been prejudiced by his counsel's failure to raise competency issues.  *Id*.

The Arkansas Supreme Court concluded that the trial court had correctly concluded that Mr. Johnson presented insufficient facts to support his claims of ineffective assistance of counsel.  *Id*.  Accordingly, it dismissed his appeal.  *Id*.

4

Mr. Johnson also appealed the trial court's denial of his motion to withdraw his plea to the Arkansas Supreme Court.  With Mr. Johnson's motion for extension of time to file a brief and other motions pending, the Arkansas Supreme Court entered an order on November 5, 2009, dismissing Mr. Johnson's appeal.  *Johnson v. State*, 2009 Ark. 541, 2009 WL 3681861, *1 (2009).  The Court stated that Mr. Johnson raised the same claim in his motion to withdraw his plea that he had raised in his Rule 37 motion that his counsel threatened him and told him he would "get railroaded" at trial.  *Id*. at *2.  The Court found that the claim had been rejected by the trial court, and its decision had been affirmed by the Arkansas Supreme Court on appeal.   *Id*.  The Court held that it would not revisit the issue because it was the law-of-the-case.  The Court dismissed Mr. Johnson's appeal with prejudice, i*d.,* and issued a mandate on December 10, 2009.  ( #11-13)

On February 9, 2010, Mr. Johnson filed a state petition for writ of habeas corpus with the Circuit Court of Lincoln County, Arkansas, claiming the trial court had failed to comply with Arkansas Rule of Criminal Procedure 24.4 when it took his plea.  *Johnson v. Hobbs*, 2010 Ark. 459, 2010 WL 4680276, *1 (2010).  Specifically, Mr. Johnson claimed the trial court did not fully advise him of his rights during the plea hearing; lacked subject-matter jurisdiction because it failed to ascertain that the plea was voluntarily and intelligently made; sentenced him for a crime not contained in the information; and wrongly amended the theft charge.  *Id*. at *1.

On June 29, 2010, the Circuit Court dismissed the petition.  (#11-14 at p. 3)  It found that Mr. Johnson's claims challenged the methodology of the taking of his guilty plea but did not raise a jurisdictional question necessary to obtain relief in a state habeas proceeding.  (#11-14 at p. 3)  Further, the court stated his ineffective assistance of counsel allegations should have been brought in a Rule 37 petition.  (#11-14 at p. 3)

Mr. Johnson appealed the Circuit Court's denial of his habeas petition to the Arkansas Supreme Court.  *Johnson*, 2010 WL 4680276 at *1.  On November 18, 2010, with several motions pending, the Arkansas Supreme Court issued a *per curiam* opinion dismissing Mr. Johnson's appeal.  *Id*.  The Court agreed with the Circuit Court that Mr. Johnson's claims were "not sufficient to establish that the judgment was invalid on its face or that the trial court lacked jurisdiction in the matter," and consequently found he had not stated a claim that was cognizable in a state habeas proceeding.  *Id*. at *2.

Mr. Johnson filed this federal petition for writ of habeas corpus on December 8, 2010.  Mr. Hobbs contends that Mr. Johnson's claims are time-barred, procedurally defaulted, and without merit.  (#11 )

IV.   **Discussion**:

A.   *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254.  The statute

provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Johnson entered a plea of guilty that precluded him from filing a direct appeal. See ARK. R.APP. P.-CRIM. 1(a). Consequently, his conviction became final on the date the trial court entered the judgment and commitment order, April 29, 2008. Mr. Johnson did not file this habeas petition until December 8, 2010. Accordingly, his claims are barred by the one-year statute of limitations unless the statute of limitations can be tolled.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A properly filed Rule 37 post-conviction petition triggers 28 U.S.C. § 2244(d)(2)'s tolling provision. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361 (2000).

The limitations period remains tolled while the petition is pending.  The post-conviction petition is deemed "pending" from the date of filing until "final resolution through the State's post-conviction procedures."  *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).  The time that a post-conviction application is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a timely notice of appeal.  *Id*. at 217, 219-21; *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 849 (2006); *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005).

As set forth above, Mr. Johnson filed several post-conviction applications.  First, on April 28, 2008, a day before the court entered its judgment, Mr. Johnson filed a "Motion to Withdraw Plea" with the trial court under "Rule 37," claiming his plea was coerced and was not voluntary.  (#11-5)  On May 23, 2008, Mr. Johnson filed a timely but unverified Rule 37 Petition.  (#11-6)  On July 23, 2008, he filed an Amended Rule 37 Petition that was verified.  (#11-7)

On August 12, 2008, the trial court treated the motion to withdraw plea as a Rule 37 petition and dismissed it because it was unverified.  Accordingly, his April 28, 2008 Rule 37 petition was not "properly filed" so as to toll the statute of limitations.  See *Walker v. Norris,* 436 F.3d 1026, 1030-32 (8th Cir. 2006) (Rule 37 petition which failed to comply with verification requirement not properly filed for tolling purposes).

8

On September 16, 2008, the trial court entered an order denying Mr. Johnson's Rule 37 Petition and Amended Rule 37 Petition.  (#11-9)  Mr. Johnson properly appealed the trial court's denial of both the motion to withdraw plea and the Rule 37 petitions to the Arkansas Supreme Court.  The Arkansas Supreme Court dismissed Mr. Johnson's appeal of the trial court's denial of his Rule 37 petitions on March 2, 2009, and dismissed Mr. Johnson's appeal of the trial court's denial of his motion to withdraw plea on November 5, 2009.  The Arkansas Supreme Court issued a mandate on December 10, 2009.  Accordingly, Mr. Johnson is entitled to equitable tolling from May 23, 2008 until the Arkansas Supreme Court issued its mandate on December 10, 2009.

Finally, Mr. Johnson properly filed a state habeas petition with the Circuit Court of Lincoln County on February 9, 2010.  The Circuit Court denied his petition on June 29, 2010.  Mr. Johnson properly appealed the Circuit Court's denial of his petition to the Arkansas Supreme Court.  Accordingly, Mr. Johnson is entitled to equitable tolling from February 9, 2010, until the Arkansas Supreme Court dismissed his appeal on November 18, 2010.

Because Mr. Johnson properly filed several petitions for post-conviction relief tolling the statute of limitations, his federal habeas petition is not barred by the statute of limitations.

B.    *Procedural Default*

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, in order to alert the state courts to the federal nature of his claims and give the state courts an opportunity to address and correct any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S .Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c).  "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

This court "is prohibited from reviewing an issue the state court has resolved on an adequate and independent state ground, including procedural default." *Winfield v. Roper*, 460 F.3d 1026, 1036 (8th Cir. 2006).  "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002))

Procedural default applies to state post-conviction proceedings just as it applies to trial and direct appeal proceedings.  *Kilmartin v. Kemna*, 253 F.3d 1087, 1088 (8th Cir. 2001) (citing *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989)).  To properly exhaust an available state post-conviction remedy, a petitioner must, "use the State's

established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925-926 (8th Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)).

Mr. Hobbs argues that even if Mr. Johnson's claims are not barred by the statute of limitations, he has procedurally defaulted all of the claims raised in his petition, except for his ineffective assistance of counsel claims.  The Court agrees.

Mr. Johnson properly appealed the trial court's denial of both the motion to withdraw plea and the Rule 37 petitions to the Arkansas Supreme Court.  The Arkansas Supreme Court found that the trial court had ruled on only two claims of ineffective assistance of counsel from Mr. Johnson's Rule 37 petitions.  See *Johnson v. State*, 2009 WL 633836 at *1.  The Court noted that, under Arkansas law, Mr. Johnson had waived any other claims by failing to obtain a ruling from the trial court on the claims before filing an appeal.  *Id*. at FN1.  The Court went on to address the merits of Mr. Johnson's two ineffective assistance of counsel claims: (1) that his counsel threatened him and coerced him into pleading guilty by telling him he would be "railroaded" if he went to trial and did not plead guilty; and (2) that his counsel was ineffective for not raising his competency as an issue.  *Id*. at 2.

Then, when considering Mr. Johnson's appeal of the denial of his motion to withdraw, the Arkansas Supreme Court found that the claim Mr. Johnson raised in his motion to withdraw his plea was the same as one of the ineffective assistance of counsel claims that he had raised in his Rule 37 petition.  *Johnson v. State*, 2009 WL 3681861 at

\*2.  The Arkansas Supreme Court held that the ineffective assistance of counsel claim (that his counsel threatened him and coerced him into pleading guilty) had been rejected during its review of Mr. Johnson's appeal of the denial of his Rule 37 petitions, so was the law of the case and would not be reconsidered.  Accordingly, the Court dismissed Mr. Johnson's appeal prior to briefing.

Mr. Johnson also brought a state habeas petition which was denied by the Circuit Court of Lincoln County.  The Circuit Court found that none of the issues raised by Mr. Johnson in his petition were cognizable in a state habeas petition.  (#11-15 at p. 3)

Mr. Johnson appealed the Circuit Court's ruling dismissing his petition to the Arkansas Supreme Court.  The Arkansas Supreme Court dismissed his appeal prior to Mr. Johnson's filing a brief because it agreed that Mr. Johnson had failed to state a claim in his petition that was cognizable in a habeas proceeding.  *Johnson v. Hobbs*, 2010 Ark. 459, 2010 WL 4680276, \*1 (2010).  The Court noted that Mr. Johnson should have raised the issues raised in his habeas petition either at his plea hearing or in his Rule 37 petitions.  *Id*.  The Court ruled that Mr. Johnson had defaulted the claims by failing to bring them in the proper state court proceeding.  *Id*.

Accordingly, the only claims Mr. Johnson raised through a full round of state court proceedings were his two ineffective assistance of counsel claims.  The Court is prohibited from reviewing any of the other issues Mr. Johnson raises in this petition unless he can establish cause and prejudice or a miscarriage of justice.  See *Welch v.*

12

*Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (a state procedural bar provides an independent and adequate state-law ground for the conviction and sentence, and prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default)(quoting *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S.Ct. 2074 (1996)).

      1.      Cause and Prejudice

      Cause for a procedural default is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Greer v. Minnesota*, 493 F.3d 952, 957-58 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986)).  Reading Petitioner's pleadings liberally, he claims the trial court's failure to rule on the merits of the claims in his state habeas petition and the Arkansas Supreme Court's dismissal of his appeals prior to briefing were external factors causing his procedural default.

      As the Arkansas Supreme Court noted, however, it was Mr. Johnson's obligation under Arkansas law to object to the trial court's procedure at the time of the plea hearing and to raise any ineffective assistance of counsel claims he had in his Rule 37 petition. *Johnson*, 2010 WL 4680276 at *2.  Consequently, Mr. Johnson's default was not caused by an external factor, but rather by his own failure to raise the issues in the appropriate state court proceeding.

13

Because Mr. Johnson has not established cause for his default, the Court will not address prejudice.  See *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991)(when cause has not been established, it is not necessary for the court to address prejudice).

      2.     Miscarriage of Justice

Petitioner may also overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice.  To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Cagel*, 474 F.3d at 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)).  This exception is concerned only with claims of actual innocence, not legal innocence.  *Id*.  A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence. . . ."  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).  Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.

By entering a plea of guilty, Mr. Johnson admitted that he committed the offense. *Graham v. Norris*, No. 4:04cv00844, 2007 WL 437326 at *7 (E.D. Ark. 2007).  Further, he does not claim actual innocence in his petition or replies to the response; nor has he come forward with any new evidence of actual innocence to establish a miscarriage of

justice.  Thus, all of Mr. Johnson's claims, except for his claims of ineffective assistance of counsel, should be dismissed as procedurally defaulted.

  C.  *Ineffective Assistance of Counsel*

  As noted, Mr. Johnson has exhausted two claims of ineffective assistance of counsel in the state courts: (1) that his counsel coerced him into pleading guilty by telling him he would be railroaded at trial; and (2) that his counsel was ineffective for failing to raise the issue of his competency.

  A federal court may grant a writ of habeas corpus to a state prisoner only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)).  Relief will be granted "only if the state court decision is both incorrect and unreasonable." *Id*. (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)).  The Court must presume the state courts' factual findings are correct, and it is Mr. Johnson's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

  Applying this standard, the Court must consider whether the state courts were unreasonable in denying Mr. Johnson's claims that his counsel performed ineffectively. In this case, both the trial court and Arkansas Supreme Court correctly identified *Strickland v.Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) and *Hill v. Lockhart*, 474

15

U.S. 52, 106 S.Ct. 366 (1985) as the controlling authority for claims of ineffective

assistance arising out of the plea process.  See *Johnson v. State*, 2009 WL 633836 at *1

(citing *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998) (setting out the standard in

*Strickland* and *Hill*)).  Further, the Arkansas Supreme Court noted that there is a

presumption that counsel's conduct is effective.  *Johnson*, 2009 WL 633836 at *1; see

also *Anderson v. U.S.*, 393 F.3d 749, 753 (8th Cir. 2005)(quoting *Strickland*, 466 U.S. at

689) ("there is a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance")).  Because the state courts identified the applicable

federal law, this Court must address whether the state courts unreasonably applied

applicable precedent or unreasonably determined the facts in the light of the evidence

presented.  See *Worthington v. Roper*, 631 F.3d 487, 497-498 (8th Cir. 2011) (citations

omitted).

In order to prove ineffective assistance of counsel during the plea process, Mr.

Johnson must demonstrate both that his lawyer's performance was objectively deficient

and that there is a reasonable probability that but for this deficiency, Mr. Johnson would

not have pled guilty and would have insisted on going to trial.  See *Hill*, 474 U.S. at 59.

The Arkansas Supreme Court found that Mr. Johnson had failed to establish that

his counsel's performance was deficient.  *Johnson*, 2009 WL 633836 at *1-2.  The Court

noted that Mr. Johnson had provided only conclusory allegations to support his claims

and found that Mr. Johnson's allegation that his counsel told him he would be

"railroaded" if he went to trial did not rise to the level of coercion.  See *Johnson*, 2009 WL 633836 at *2 (citing *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003)).  The Court noted that advising a criminal defendant of a potentially unfavorable outcome at trial does not rise to the level of coercion.  *Id.*

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)(internal citations omitted); see also *United States v. Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood proceeding, was satisfied with his attorney, and had committed crimes charged), cert. denied, *Villaneuva Monroy v. United States*, 531 U.S. 1181, 121 S.Ct. 1163 (2001).

In this case, Mr. Johnson testified at the plea hearing that he fully understood what he was being charged with.  He also stated that he had discussed his case fully with his attorney, that he was satisfied with his attorney's services, and that he was certain his guilty plea was not induced by force, threats, or promises other than those in the plea agreement.  (#11-14 at p. 3)

Further, the Court found that Mr. Johnson had provided only general allegations of a "psychiatric history," with no information about a specific diagnosis or drug history.

17

With only this vague allegation, the Court could not find that Mr. Johnson was prejudiced by his counsel's failure to raise competency issues.  *Id.*  (citing *Henry v. State*, 288 Ark. 592, 708 S.W.2d 88 (1986)); see also *Anderson v. White*, 32 F.3d 320, 321 (8th Cir. 1994) ("A history of mental illness, without more, does not establish legal incompetence"). Here, Mr. Johnson offered only conclusory allegations of mental incompetence without any specific evidence to support his claim of incompetence.  Accordingly, the state court decisions dismissing Mr. Johnson's claim of ineffective assistance of counsel on this ground were not an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence presented.

The Arkansas Supreme Court did not specifically address the prejudice prong of the *Strickland* test.  The Court notes, however, that Mr. Johnson has not established prejudice.  By pleading guilty to Class B theft by receiving and fleeing, the State *nol prossed* charges of aggravated assault and driving while intoxicated.  Mr. Johnson was ultimately able to secure sentences of twenty years and five years on the two charges to which he pled guilty and avoid enhanced sentences that would likely have been imposed because of his criminal history.[1]

---

[1]Class C theft by receiving carried a maximum enhanced sentence of thirty years. See ARK. CODE ANN. §§ 5-36-106(e); 5-4-501(b)(1)(C)(2).  Fleeing in a vehicle and aggravated assault were class D felonies carrying enhanced maximum sentences of fifteen years.  See ARK. CODE ANN. §§  5-54-125(d)(2); 5-13-204(b); 5-4-501(b)(1)(C)(2).  The trial court could have ordered each sentence to run consecutively for a total maximum sentence of sixty years.

Mr. Johnson complains that during the plea hearing the theft by receiving charge was wrongly amended from a Class C to a Class B felony charge. However, after he pled guilty to the Class B charge, the trial court sentenced him to only twenty years in prison, while the maximum sentence he could have received on a Class C felony with an enhanced sentence was thirty years. See Ark. Code Ann. §§ 5-36-106(e); 5-4-501(b)(1)(C)(2).

Under the circumstances of this case, the performance and advice of Mr. Johnson's counsel did not fall "below an objective standard of reasonableness" under *Strickland*. See *e.g.*, *Williams v. United States*, 343 F.3d 927 (8th Cir. 2003) (counsel's strategy to advise defendant to take a guilty plea was reasonable when doing so benefitted the defendant by limiting his sentencing range).

## V.   <u>Conclusion</u>:

Accordingly, this Court recommends that the District Court DISMISS Wilbert L. Johnson's Petition for Writ of Habeas Corpus (#2), with prejudice.

DATED this 26th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE